## DEMPSEY *v.* MOESLEIN.

*(City Court of New York, General Term.* December 29, 1891.)

CONTRACTS—FAILURE OF CONSIDERATION—COUNTER-CLAIM.

Plaintiff agreed to pay a debt of $6,000, due from his assignor to defendant, by transferring a house to the latter for $21,000, subject to a mortgage for $15,000. Subsequently, in consideration of the former agreement and the transfer of the house, defendant agreed to pay plaintiff $1,000 if defendant should sell the house for $21,000 within three months, and the premises were conveyed the same day, the expressed consideration being $21,000, subject to $16,000 mortgage. Within three months defendant sold the house for $21,000, including carpets worth $140. Thereafter plaintiff brought an action to recover the $1,000 under the latter agreement, alleging that but $5,000 was due defendant when the first agreement was made, but that by fraud plaintiff was induced to insert $6,000 therein. Defendant denied the fraud, and set up a counter-claim for $1,000, and one for $140, the value of the carpets. *Held,* that first agreement was not canceled by the second, but was incorporated in and became part of it; that failure to perform the first agreement was a failure of the expressed consideration of the second; and that any damages accruing to the promisor in the latter agreement might be recovered as a counter-claim in an action by the promisee.

Appeal from trial term.

Action by William Dempsey against Valentine Moeslein upon an agreement to pay moneys on sale of a house. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before FITZSIMONS and McCARTHY, JJ.

*Benno Loewy,* for appellant. *John Hardy,* for respondent.

FITZSIMONS, J. Prior to June, 1889, one Schwarzler, a builder, was engaged in the erection of 13 houses on Ninety-Seventh street, between Third and Lexington avenues. The plaintiff and defendant were among the contractors who aided him in this undertaking. Becoming financially embarrassed, he transferred said property to the plaintiff, with the understanding that he (plaintiff) would finish said houses, and arrange Schwarzler's indebtedness to all the contractors, including defendant, to whom $5,000 or $6,000 was due for iron-work. On June 10, 1889, the plaintiff, in consideration of the performance by defendant of his contract made with said Schwarzler to complete the iron-work (which he did fully perform) in said 13 buildings, agreed to transfer to defendant one of said houses, No. 160 East Ninety-Seventh street, for $21,000, subject to a mortgage for $15,000, leaving an equity in such premises of $6,000, which said sum, the agreement recited, was the sum agreed to be paid for such work by Schwarzler. On July 19, 1889, another agreement was made between plaintiff and defendant, wherein, in consideration of the above agreement and delivery of the deed of said premises, the defendant agreed to pay to plaintiff $1,000 in case said house was sold by defendant within three months from date of agreement for $21,000. The deed of said premises was delivered to defendant by plaintiff on July 19th, subject to a mortgage for $16,000, leaving an equity in the premises of only $5,000. The house was sold by defendant within three months for $21,000, including carpets, valued at $140. This action is brought to recover the $1,000 mentioned in the July agreement. The complaint set out the June agreement, and alleges that thereunder there was due only $5,000, instead of $6,000, to defendant, which latter sum the defendant induced plaintiff to put in said agreement by false and fraudulent statements, and that defendant admitted that only $5,000 was due him, and accepted the deed upon that basis. The answer, in substance, denies the alleged fraud; also that he accepted the deed in full settlement of his claim; claimed that $6,000 was due for said iron-work, and, as he received only $5,000 equity in said house, there was still due him $1,000; and sets up a counter-claim for that sum; he also denies that he sold the premises within three months; and also sets up a counter-claim for the carpets which were in the house, valued at $140.

Upon the trial the plaintiff allowed $140 for the carpets, and the court directed a verdict in plaintiff's favor for the balance, $943.85, which included interest.

The trial justice proceeded upon the theory, and, in fact, stated, that the only agreement that could be considered in this action was the July one, and excluded all testimony tending to sustain defendant's counter-claim for $1,000 arising under the June agreement. In doing so I believe that he erred. Instead of the July agreement canceling and extinguishing the June agreement, I believe that it was incorporated in and became part and parcel of the July agreement, the consideration clause of which should be construed as reading: "In consideration of the performance of the June agreement." A failure to perform the June agreement fully was a failure of the expressed consideration of the July agreement, and any damages arising to the promisor therein (in the July agreement) by act of the promisee might be proved, and was a just and proper counter-claim, in an action by the promisee under the latter agreement. See *Eastman* v. *Shaw*, 65 N. Y. 522, and *Engelhorn* v. *Reitlinger*, 122 N. Y. 80, 25 N. E. Rep. 297. Unless the plaintiff established that the defendant induced by fraud the making of the June agreement as alleged by him in his complaint, certainly the defendant was entitled to receive the premises which were conveyed to him subject only to a mortgage for $15,000, leaving him an equity of $6,000; and, as he received by virtue of said conveyance only $5,000, there was due him $1,000, unless, as claimed by plaintiff, he recognized the falsity of his claim, and consented to accept the premises subject to a mortgage for $16,000. The defendant denied fraud; denied that he had consented to take said premises subject to the $16,000; and claimed that he accepted the same because he could do no better, but still claimed said sum, and at the time of delivery of the deed claimed that there was still due him $1,000. Even the plaintiff says that the defendant made such a claim at that time. The defendant should have been allowed to prove that the consideration of $6,000 mentioned in the June agreement was due him, and that he committed no fraud in claiming said sum, and that he did not accept the equity in said premises of $5,000 in payment of his claim, as contended by plaintiff, and that he still claimed the $1,000 balance alleged to be due him. In excluding the testimony tending to establish these facts, as he did, the trial justice erred, and a new trial is accordingly ordered, with costs to appellant to abide event of action.